LARGÉ & ACEVEDO, Plaintiffs and Appellees, *v.* NICOLÁS ITURREGUI, Defendant and Appellant.

No. 4353. Argued January 25, 1928.—Decided July 10, 1928.

*M. Acosta Velarde* for the appellant. *Juan B. Soto* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the present case the plaintiff law firm claimed from Nicolás Iturregui a certain sum of money for professional services alleged to have been rendered. The judgment being adverse to the defendant, this appeal was taken and four errors assigned for a reversal of the judgment, the first being because the defendant had been adjudged to pay $100 for the study of the draft of the document marked Exhibit A, a private contract of lease and right of way through a property of 800 acres between Clemente Fernández Barreto and the Central Victoria corporation. This assignment of error has a double aspect. One is that there had been no study

and drafting of that contract by the plaintiff firm, in regard to which the evidence was contradictory and the conflict was adjusted by the trial court against the appellant. The other is that as the instrument was a contract executed by Dr. Fernández Barreto and his wife, any service rendered by the appellee in that matter at the request of the appellant was an obligation binding on the person who executed the instrument or his wife, but not a personal obligation of their agent. In opposition it is said by the appellees that the appellant agreed personally to pay for the services independently of his capacity as agent of Dr. Fernández Barreto.

Attorney Largé testified at the trial that Iturregui promised to pay his firm for the work on the contract of lease and right of way and that that obligation was assumed although Dr. Fernández was the owner of the property. Although Iturregui denied that in his testimony, the conflict was adjusted by the trial court against the appellant and therefore it is unnecessary to consider whether he was not liable because he was the agent of Dr. Fernández.

The second error assigned refers to the appellant's having been adjudged to pay $100 for a deed of consolidation of properties.

The appellant and his wife sold by a public deed executed before notary Acevedo of the plaintiff firm to Luis Hernaiz the interests jointly owned by them with the purchaser in seven properties for the sum of $15,000 and a consolidation of the properties so acquired by Hernaiz was made in the same instrument, the work of that consolidation being valued at $200 as services from the plaintiffs. The appellant contends that he is bound to pay for the deed of sale, but not for the consolidation made for the exclusive benefit of Hernaiz.

It appears from the testimony of Largé and Acevedo at the trial that the services connected with that deed were rendered at the request of Iturregui to be paid exclusively by him and that he promised also to pay for the consolidation. Nothing was said on this point by the defendant in his testi-

mony at the trial and therefore we must conclude that as the court gave credit to that testimony, the appellant is bound to pay that item.

Likewise, in the third assignment opposition is made to the allowance of $250 for consultations and $100 for transactions in the Federal Land Bank, because the nature and character of the consultations had not been shown. From an examination of the record it appears that the consultations made by the appellant were two or three times in one week of from one to three hours, and also that steps had been taken by the plaintiff firm for securing for Iturregui a loan from the Federal Bank. Therefore, we can not find any ground for that assignment.

The last error assigned refers to the imposition of costs based on the same reasons as were set forth in appeal No. 4351 decided today and dismissed on the same grounds.

Therefore the judgment appealed from is affirmed.

Mr. Justice Texidor took no part in the decision of this case.